Filed 9/11/23  P. v. Ramirez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ANGEL RAMIREZ JR., <br><br> Defendant and Appellant. | B327842 <br><br> (Los Angeles County Super. Ct. No. BA181882) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, H. Clay Jacke, II, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal; and Angel Ramirez Jr., in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

A jury convicted Angel Ramirez Jr. in 2000 of first degree murder (Pen. Code, § 187, subd. (a))[1] and found true specially alleged firearm enhancements (§§ 12022.53, subds. (d), (e)(1), 12022, subd. (a)). We affirmed Ramirez's conviction on direct appeal. (*People v. Ramirez* (Oct. 3, 2001, B142800) [nonpub. opn.].)

On December 14, 2022, after appointing counsel for Ramirez and receiving a response from the prosecutor and a reply from Ramirez's counsel, the superior court summarily denied Ramirez's petition for resentencing under former section 1170.95 (since renumbered section 1172.6), ruling Ramirez was ineligible for relief as a matter of law because he was not prosecuted under theories of felony murder or natural and probable consequences or any other theory that imputed malice to him.

No arguable issues have been identified following review of the record by Ramirez's appointed counsel. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Ramirez in his supplemental brief. We affirm.

## FACTUAL BACKGROUND

The evidence at trial established that Daniel Valenzuela, an associate of the Clover criminal street gang, was shot and killed while in the laundry room of his mother's home. Valenzuela's mother heard the gunshots and saw the shooter jump into an awaiting car. A nearby police helicopter spotted the assailant as he entered the car and followed the vehicle from the air. Almost immediately, the car pulled to the curb, and the passenger got out and ran. The police helicopter continued to

---

[1]     Statutory references are to this code.

2

follow the car, which stopped after being forced to do so by law enforcement officers in marked police cars. Ramirez, who later told the investigating officer he was an Eastlake gang member, was in the driver's seat. No other individuals were with him.

The People argued the shooting was a planned killing by an Eastlake gang member committed in retaliation for an earlier shooting of an Eastlake gang member by a Clover gang member. The People argued Ramirez was an Eastlake gang member and directly aided and abetted a premeditated murder.

Ramirez testified in his own defense, denying he was an Eastlake gang member or associate. According to Ramirez, he was driving to get milk when he heard gunshots and a man he knew, but refused to identify, jumped into his car and told him to drive. When a police helicopter used its light to illuminate Ramirez's vehicle, Ramirez's passenger told him to stop the car and let him out. Ramirez complied, and the man fled. Ramirez continued driving because he was confused and wanted to get away from the area.

The jury found Ramirez guilty of first degree murder and found true specially alleged firearm and gang enhancements.

## DISCUSSION

We appointed counsel to represent Ramirez on appeal from the denial of his postjudgment petition. After reviewing the record, appointed counsel did not identify any arguable issues and so informed this court. Appointed counsel advised Ramirez on July 26, 2023 that he was filing a brief stating he was unable to find arguable issues and that Ramirez could personally submit any contentions he believed the court should consider.

On August 17, 2023 we received a three-page handwritten supplemental brief from Ramirez in which he argued there was

3

insufficient evidence to prove he knew the shooter's intent as required to find him guilty of directly aiding and abetting a premeditated murder. He emphasized the police reports and witness accounts were inconsistent and no gun was ever found in his possession. He also argued the People's gang expert was not qualified to provide expert testimony and his trial counsel rendered ineffective assistance by failing to call a gang expert to support his defense. Finally, Ramirez asserted that, because he was 19 years old at the time of the shooting, he qualified for a youth offender parole hearing under Senate Bill No. 261, effective January 1, 2016 (§ 3051, subd. (b)(3)).

None of Ramirez's arguments relates to his eligibility for resentencing, nor does the record suggest he could have been found guilty under a now-invalid theory of imputed malice. To the extent Ramirez's reliance on Senate Bill No. 261 indicates a desire to exercise his rights under *People v. Franklin* (2016) 63 Cal.4th 261 and *In re Cook* (2019) 7 Cal.5th 439 to supplement the record in his case with information relevant to an eventual youth offender parole hearing, the correct procedural vehicle for an inmate to request a postjudgment evidence preservation proceeding, as the Supreme Court held in *In re Cook*, is a motion pursuant to section 1203.01, subdivision (a) (see *In re Cook*, at pp. 451-454), not a petition or motion for resentencing.

Because no cognizable legal issues have been raised by Ramirez's appellate counsel or by Ramirez or identified in our independent review of the record, the order denying his petition for resentencing is affirmed. (See *People v. Delgadillo* (2022) 14 Cal.5th 216. 231-232; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

4

## DISPOSITION

The postjudgment order is affirmed.


PERLUSS, P. J.


We concur:



SEGAL, J.



FEUER, J.